Richard M. Garbarini
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor,
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YESH MUSIC, LLC,

                      Plaintiff,

              v.

GIZMODO MEDIA GROUP, LLC, and ONION, INC.,

                    Defendants.

-----------------------------------------------------------------x

Case No.: 19-cv-211

**ECF CASE**

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendants GIZMODO MEDIA GROUP, LLC, and ONION, INC., for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 ("DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## NATURE OF THE ACTION

1. Defendant ONION, INC., through its product ClickHole.com, created a video advertisement titled "*Inspiring People Describe the First Time They Gatorade*" (the "Subject

Video"). ONION synchronized plaintiff's copyrighted recording *Thompson*, U.S. Copyright Registration SR 713-221 (the "Copyrighted Recording") to the Subject Video without license or other authority.

2. Defendant ONION then distributed the Subject Video to numerous websites including YouTube, FaceBook, Twitter, Instagram, Clickhole.com, and Reddit. Onion also allowed viewers to further distribute the Subject Video via a "Share" button at the bottom.

3. Defendant GMG posted the Subject Video to its Gizmodo website.

4. When put on notice, defendant ONION continued to infringe, in fact reposting the Subject Video after notice. In fact, after receiving a draft copy of the Complaint in this action on January 6, 2019, both defendants elected to continue to infringe.

5. At no time were either of the defendants authorized by plaintiff to reproduce, synchronize, or distribute the Copyrighted Recording.

6. Each infringing act by each defendant satisfies the standards for enhanced damages under Section 504(c) of the Act, and plaintiff has been injured as a result of defendants' actions.

7. Defendants' abstraction from the Copyrighted Recordings, and removal of all identifying information is a violation of the DMCA.

## JURISDICTION

8. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

9. This Court has in personam jurisdiction pursuant to CPLR § 301 over defendant ONION due to the fact that defendant delegated, through its parent company UNIVISION, this Judicial District as the jurisdiction and venue for all causes of action.

10. Defendant GMG has a principal place of business in this Judicial District at 2 W 17th St.. New York, NY 10011 and is subject to jurisdiction in this Jurisdiction.

11. This Court additionally has in personam jurisdiction over the defendants because the defendants have established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction. Defendants are a national company. Defendants reproduced, synchronized, and distributed plaintiff's Copyrighted Recordings on the Internet so they could be used or viewed within this Judicial District in the ordinary course of trade. As stated above, defendants have additionally conducted business targeted in New York in the ordinary course of trade.

12. Upon information and belief, defendants generate a significant amount of income from New York state and this Judicial District.

13. In the event this Court finds defendants to be nondomiciliaries of this State, CPLR § 302 (a)(3) which authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

14. Defendants reproduced, synchronized, and distributed plaintiff's Copyrighted Recording in this Judicial District. This is an intentional tort (copyright infringement) committed without the state.

15. The copyright owner resides in this Queens, NY, and thousands of uses here in New York viewed the Subject Video and plaintiff's Copyrighted Recording. As a result, the injury was felt in this Judicial District.

16. As described above, defendants regularly do or solicit business, or engaged in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in the state, and defendants should have reasonably expected its actions to have consequences in this forum. Consequently, this Court has jurisdiction pursuant to CPLR § 302 (a)(3).

## VENUE

17. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

18. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

19. Plaintiff's Copyrighted Recording was registered prior to the alleged infringement and satisfies the registration prerequisite under 17 U.S.C. 412(c). Annexed as **Exhibits 1 and 2** are the U.S Copyright Registration and assignment filed with the U.S. Copyright Office.

## PARTIES

20. At all times material hereto, plaintiff YESH MUSIC, LLC ("YESH") was, and is, a company organized under the laws of New York state with a principal place of business located at 75-10 197th Street, Flushing, New York. YESH is the sole beneficial rights holder to the Copyrighted Recording.

21. Upon information and belief, defendant ONION, INC. ("ONION") was, and is, a corporation located at 730 N Franklin St #700, Chicago, IL 60654.

22. Upon information and belief, defendant GIZMODO MEDIA GROUP, LLC ("GMG") was, and is, a limited liability company with a headquarters located at 2 W 17th St., New York, NY 10011.

## FACTS

23. Plaintiff YESH is the assignee and sole beneficial owner of all rights associated with the Copyrighted Recording. See **Exhibit 2**.

24. The Subject Video, titled "*Inspiring People Describe the First Time They Gatorade*", synchronizes the Copyrighted Recording from the first to last second.

25. The entire Copyrighted Recording runs throughout the Subject Video.

26. The Copyrighted Recording has previously been licensed to companies like CBS Corp. for an episode of CSI Miami for $8,000.

27. In November 2018, plaintiff discovered defendant ONION's infringement of the Copyrighted Recording.

28. In January 2019, plaintiff discovered defendant GMG's infringement of the Copyrighted Recording.

29. At all times relevant to this action, defendants GMG and ONION were separate and autonomous companies.

30. While the majority of both defendants is currently owned by Fusion Media Group (an arm on Univision Communications Inc.), the defendants shared no mutual ownership at the time of the initial infringements.

31. Defendants GMG and ONION did not act in concert to infringe. Instead, each committed separate acts of infringement.

32. Defendants are not jointly and severably liable. Instead, each is liable in an amount to be determined at trial.

### FACTS REGARDING DEFENDANT ONION'S INFRINGEMENT

33. Upon information and belief, defendant ONION is a digital media company based in Chicago. ONION runs, among other things, a satiric website reporting on current events, both real and fictional. One of ONION's products is ClickHole.

34. The ONION's ClickHole product, found at <www.clickhole.com>, produces "viral videos" and advertisements.

35. Defendant ONION had, at all times relevant to this action, editorial oversight and control over ClickHole's videos.

36. At no time did ONION have a license or authority to use the Copyrighted Recording.

37. The Subject Video was posted to the ClickHole website at <https://www.clickhole.com/inspiring-people-describe-the-first-time-they-drank-ga-1825126286>. See below.



38. On or about April 28, 2018, defendant ONION posted the Subject Video to its Facebook page at < https://www.facebook.com/theonion/posts/via-clickhole/10156565270274497/>. See below.



39. On or about June 11, 2018, defendant ONION posted the Subject Video to the ClickHole Twitter account found at <https://twitter.com/clickhole/status/1006340306248269825?lang=en>. See Below.



40. The ClickHole Twitter post has been viewed approximately 158,000 times to date.

41. On or about April 8, 2015, defendant ONION posted the Subject Video to the ClickHole YouTube account found at <https://www.youtube.com/watch?v=1HAd3hwTmAA>.



42. The ClickHole YouTube posting has been viewed approximately 300,896 times to date.

43. In or around April 2015, defendant ONION posted the Subject Video to the ClickHole Facebook page found at < https://www.facebook.com/clickhole/videos/inspiring-people-describe-the-first-time-they-drank-gatorade/2066622760244646/>.



44. The ClickHole Facebook posting has been viewed approximately 1,100,000 times to date.

45. Defendant ONION has posted the Subject Video to numerous other websites.

46. The Subject Video can be shared from the ClickHole website, YouTube, and other websites, and has been posted by third-party uploaders to various websites.

47. Defendant ONION reposted the Subject Video to the ClickHole Facebook page, Twitter page, and Instagram page on numerous occasions most recently on September 9, 2018, and December 18, 2018.

48. The reposted videos have been viewed nearly 2,000,000 times to date.

49. On or about December 8, 2018, plaintiff notified defendant ONION that it recently became aware of the infringement, and put defendant ONION on notice that there was no license. See **Exhibit 3**.

50. The notice was sent by email to publicfeedback@theonion.com as per the ClickHole website. This was the only reasonable email to send notice listed on the ClickHole.com website.

51. Defendant ONION was reasonably put on notice of its infringement.

52. Defendant ONION not only ignored the notice, it reposted the Subject Video to the ClickHole Twitter and Facebook pages after receipt of the notice.

53. On January 6, 2019, plaintiff sent a draft copy of the within Complaint to defendant ONION, notifying it, once again, that it was infringing plaintiff's Copyrighted Recording.

54. Defendant ONION again ignored the notice and plaintiff has been injured.

55. The audacity to so blatantly disregard plaintiff's rights more than satisfies the reckless disregard standard for enhance damages pursuant to Section 504(c) of the Act including attorneys' fees and costs of this action.

56. In fact, defendant ONION's acts require a finding that defendant ONION must be punished, or it will continue to disregard the copyright laws of the United States.

## **FACTS REGARDING DEFENDANT GMG'S INFRINGEMENT**

57. Upon information and belief, defendant GMG is an online media company and blog network. The company was created on or about August 16, 2016 by Univision Comminutions Inc. from assets acquired from Gawker Media during its bankruptcy.

58. On or about July 5, 2016, Sophia Kleeman, the news editor at GMG, posted the Subject Video to GMG's Gizmodo website found at <https://gizmodo.com/people-describe-the-first-time-they-tasted-gatorade-in-1783145952>. See Below.



59. At no time has defendant GMG had a license or other authority to reproduce or distribute the Copyrighted Recording.

60. By reproducing and distributing the Subject Video, defendant GMG infringed plaintiff's rights provided under Section 106 of the Act and elsewhere.

61. Plaintiff has been injured by GMG in an amount to be determined at trial.

**62.** GMG's act of infringement was, at the very least, with reckless disregard to the rights of the plaintiff and is subject to enhanced damages pursuant to Section 504(c) of the Act including attorneys' fees and costs of this action.

## THE DMCA VIOLATIONS

63. Each defendant failed to include any information identifying the Copyrighted Recording, the author of the Copyrighted Recording, the owner of any right in the Copyrighted Recording, or information about the terms and conditions of use of the Copyrighted Recording.

64. The failure to make any attribution was likely calculated to hide the infringements and violates the Digital Millennium Copyright Act.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

65. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

66. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Recording.

67. Each defendant, without authority from plaintiff, reproduced, synchronized, publicly displayed, and/or publicly distributed plaintiff's Copyrighted Recording through numerous Internet portals. The Subject Video has been viewed millions of times.

68. Each of the defendants has intentionally infringed, or acted with reckless disregard, (pursuant to Section 504(c) of the Act) to plaintiff's exclusive rights set forth in Section 106 of the Act, and elsewhere.

69. Each of the defendant's use of the Copyrighted Recording was not for criticism, comment, news reporting, teaching, scholarship, or research.

70. Each of the defendant's use was not transformative.

71. Each of the defendants elected to reproduce, synchronize, and/or distribute plaintiff's Copyrighted Recording, without a license from plaintiff.

72. Each defendant reproduced, distributed, and publicly displayed the Copyrighted Recording after it was put on notice of the infringement.

73. As a direct and proximate result of each of the defendant's infringement, plaintiff has incurred damages like license fees, and requests an award of defendants' profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover

statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA**

74. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

75. Section 1202 of the DMCA provides, in part: "(a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(a)-(b)."

76. Copyright management information is defined as: "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public."

77. Defendants failed to include information which identified the Copyrighted Recording, the author of the Copyrighted Recording, the owner of any right in the Copyrighted Recording, or information about the terms and conditions of use of the Copyrighted Recording.

78. The defendants violated the DMCA each time it wrongfully posted the Copyrighted Recording.

79. Defendants also violated section 1202 by, upon information and belief, by abstracting, removing and/or altering the anti-circumvention software.

80. Defendants did the forgoing with the intent to conceal the infringement.

81. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000, per violation plus its reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendants' unlawful proceeds;
2. compensatory damages in an amount to be ascertained at trial;
3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));
4. reasonable attorneys' fees and costs (17 U.S.C. § 505);
5. damages under the DMCA;
6. pre- and post-judgment interest to the extent allowable; and,
7. such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: January 7, 2019  GARBARINI FITZGERALD P.C.
New York, N.Y.

By: _Richard M. Garbarini_
Richard M. Garbarini (RG 5496)